## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| SAMANTHA LOVING,               ) | |
| )| |
| *Plaintiff*,            ) | |
| ) | |
| v.                                     ) | CIVIL ACTION NO. |
| ) | |
| ) | 3:23-cv-58 |
| ) | |
| AMAZON.COM, INC. AND          ) | JURY TRIAL DEMANDED |
| GUSAR, LLC DBA COLSEN FIRE PITS.  ) | ON ALL COUNTS |
| *Defendants*.         ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Samantha Loving, files this complaint against defendants Amazon.com, Inc. and Gusar, LLC DBA Colsen Fire Pits and for cause of action shows the Court as follows:

### I. PARTIES

1. Plaintiff Samantha Loving (Plaintiff) resides in Montgomery County, Texas. She was severely injured at her home in Montgomery County, Texas by Defendants' defective tabletop fire pit.

2. Defendant Gusar, LLC DBA Colsen Firepits (Gusar, LLC), is a foreign corporation, incorporated in the State of Florida, with its principal place of business at 4777 NW 72nd Ave, Miami, FL 33166.  Defendant Colsen may be served with process by serving the registered agent of said company, Gustavo Pantin, at 745 Bayside Lane Weston, Florida 33326.

3. Defendant Amazon.com, Inc. (Amazon) is a Delaware corporation with its principal place of business at 410 Terry Ave. North, Seattle, WA 98109-5210. Defendant Amazon may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Austin, TX 78701-3218.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Specifically, there is complete diversity of citizenship between Plaintiff and Defendants because Plaintiff is a Texas resident and all Defendants are foreign corporations, and Plaintiff is alleging an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because the defective tabletop fire fit at issue, which was manufactured, marketed, and/or sold by Defendants, was purchased in Texas by a citizen of Texas. Further, Defendants' defective tabletop fire pit injured Plaintiff at her home in this district of the State of Texas.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district and are due to Defendants' substantial contacts with this district, including the marketing and sale of heating pads and other products in this district.

## II. FACTS

7. On June 26, 2022, Plaintiff owned and used a Colsen tabletop rubbing alcohol fireplace indoor outdoor fire pit portable fire concrete bowl pot fireplace (Colsen fire pit) purchased on Amazon.com and sold by Gusar, LLC.

8. The Colsen fire pit was purchased through Amazon's website, Amazon.com, on April 24, 2022.

9. The Colsen fire pit was designed, manufactured, and introduced into the stream of commerce by the defendants Gusar, LLC. and Amazon, who were engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of electronics, including the type of fire pit which injured Plaintiff. The

Defendants sold these products, including the Gusar, LLC. fire pit, via Amazon's online marketplace and distribution system.

10. Amazon heavily portrayed itself as a safe and trustworthy company. Plaintiff believed Amazon would not have allowed dangerous products like the Colsen fire pit to be available for sale on its website. Further, Plaintiff believed that if Amazon learned the Colsen fire pit was dangerous, Amazon would conduct a prompt and thorough investigation of that product and, when appropriate, notify purchasers of that product and/or completely remove the product from its e-commerce platform. As a result, Plaintiff purchased the Colsen fire pit on Amazon.com.

11. Amazon voluntarily undertook to provide a number of safety-related services for the benefit of individuals who purchase and use products purchased through Amazon's website. Amazon's purported goal in offering these services has been to fully vet the safety and reliability of not just the products being sold on Amazon's website, but also of the sellers. Amazon's affirmative representations of reliability and its sales-enhancing services were in place long before Plaintiff's Colsen fire pit was purchased, and they distinguished Amazon from other online marketplaces that acted as hands-off platforms. To the contrary, Amazon's actions established that Amazon voluntarily undertook to act as a marketplace gate keeper and regulator. Amazon has held that role during all times relevant to Plaintiff's incident.

12. Amazon provided extensive details on its voluntary undertaking in a post it made on its own website in 2019:[1]

> "Amazon strives to be Earth's most customer-centric company, where people can find and discover the widest possible selection of safe and authentic goods, and we work hard to earn and maintain your trust. In 2018 alone, we invested over $400 million to protect our store and our customers and built robust

---

[1] https://www.aboutamazon.com/news/company-news/product-safety-and-compliance-in-our-store

*programs to ensure products offered are safe, compliant, and authentic. Amazon offers customers hundreds of millions of items, and we have developed, and continuously refine and improve, our tools that prevent suspicious, unsafe, or non-compliant products from being listed in our store.*

*Our proactive measures begin when a seller attempts to open an account. Our new seller account vetting includes a number of verifications and uses proprietary machine learning technology that stops bad actors before they can register or list a single product in our store. All products offered in our stores must comply with applicable laws and regulations, and our own policies. For example, we require toys to be tested to relevant safety standards set by the Consumer Product Safety Commission. We have a dedicated global team of compliance specialists that review submitted safety documentation, and we have additional qualification requirements that sellers must meet to offer products. In 2018, our teams and technologies proactively blocked more than three billion suspect listings for various forms of abuse, including non-compliance, before they were published to our store.*

*Once a product is available in our store, we continuously scan our product listings and updates to find products that might present a concern. Every few minutes, our tools review the hundreds of millions of products, scan the more than five billion attempted daily changes to product detail pages, and analyze the tens of millions of customer reviews that are submitted weekly for signs of a concern and investigate accordingly. Our tools use natural language processing and machine learning, which means new information is fed into our tools daily so they can learn and constantly get better at proactively blocking suspicious products.*

*In addition, we provide a number of ways for regulatory agencies, industry organizations, brands, customers, and our customer service teams to report safety issues. When we receive these reports, we move quickly to protect customers, remove unsafe products from our store, and investigate. For example, if a customer reports a concern with a product, a customer service associate can instantly trigger an investigation. Additionally, because of our direct relationships with customers, we are able to trace and directly notify customers who purchased a particular product online and alert them to a potential safety issue—our systems are far more effective than other online and offline retailers and customers can feel confident they'll have the information they need. […] We invest significant resources to protect our customers and have built robust programs designed to ensure products offered for sale in our store are safe and compliant. We want customers to shop with confidence and if ever a customer has a concern, they can contact our customer service team, and we will investigate."*

13.     In addition, Amazon's Help and Customer Service web page explains:[2]

---

[2] https://www.amazon.com/gp/help/customer/display.html?nodeId=202074030



14. Other related services that Amazon offers for the benefit of users like Plaintiff include: approval of all FBA ASINs; provision of 24/7 customer service; receiving and processing all FBA product returns (during which time Amazon inspects the FBA product and determines whether the product can be resold); and categorizing FBA products with the help of

both employees and computers/robots, labelling FBA products, and moving them through the distribution process.[3]

15. The contracts between Amazon and its merchants state that Amazon: (a) has the authority to format the product's listing on its online marketplace, which includes how a listing is displayed to consumers; (b) may reject products that Amazon determines are illegal, sexually explicit, defamatory, or obscene; and (c) will require merchants to communicate with their customers exclusively through Amazon's platform, which enables customers to provide user comment reviews on a product's web page listing.

16. Amazon has an established history of monitoring the safety of the products on its website and taking unilateral action to remove dangerous products from the available listings and to warn consumers who purchased such products of the potential hazards they present. This history includes, for example, Amazon's recall on June 30, 2021 of ~4,900 units of children's sleepwear garments that were being sold on Amazon's site by Chinese companies located in the city of Shenzhen.[4] At all relevant times, Amazon maintained the same kind of control over the Colsen fire pit.

17. On or about July 1, 2021, and February 7, 2022, reviewers posted on Amazon's website the following reviews of the Colsen tabletop fire pit:

.

---

[3] This language comes directly from a Draft Administrative Complaint published on June 14, 2021 by the U.S. Consumer Product Safety Commission and publicized online in a CNN article dated July 15, 2021:
https://www.cnn.com/2021/07/15/tech/cpsc-sues-amazon/index.html
https://cpsc.gov/s3fs-public/pdfs/recall/lawsuits/abc/001-In-re-Amazon-com-Inc__.pdf?TvLLxHy1UMfiz3BpfXaKjQy1ibQbYAiU
[4] https://www.cpsc.gov/Recalls/2021/childrens-nightgowns-sold-exclusively-on-amazon-com-recalled-due-to-violation-of-0



[5]

18.     Amazon was therefore on notice of the unreasonably dangerous nature of the Colsen fire pit before it was purchased by Plaintiff and before Plaintiff was injured by it. The unsafe condition including any latent defects that made the Colsen fire pit prone to dangerous overheating, flame jetting, and ignited fuel spilling over was one that a basic investigation by Amazon would have easily and quickly revealed.

19.     Despite this, Amazon did nothing to mitigate this danger. Amazon did not: 1) properly vet Defendant Gusar, LLC. before listing their products on Amazon's website; 2) properly vet the Colsen fire pit before listing it on Amazon's website; 3) recall, remove, or bar the Colsen fire pit from Amazon's website, or; 4) warn or otherwise notify Plaintiff about the unreasonably dangerous condition of the Colsen fire pit.

---

[5] Trish. Review of colsen Tabletop Rubbing Alcohol Fireplace Indoor Outdoor Fire Pit Portable Fire Concrete Bowl Pot Fireplace, 1 July. 2021, https://www.amazon.com/review/R39SPSZ85E1A2B/ref=cm_cr_srp_d_rdp_perm?ie=UTF8&ASIN=B082J8KRHQ

Amazon Customer. Review of colsen Tabletop Rubbing Alcohol Fireplace Indoor Outdoor Fire Pit Portable Fire Concrete Bowl Pot Fireplace, 7 Feb. 2022, https://www.amazon.com/review/RTLCXRIYR7KD/ref=cm_cr_srp_d_rdp_perm?ie=UTF8&ASIN=B082J8KRHQ

20. These acts and omissions of Defendants resulted in Plaintiff purchasing the Colsen fire pit. On June 26, 2022, Plaintiff lit the Colsen fire pit in accordance with the instructions. Immediately after the Colsen fire pit was lit and without warning, a fireball erupted startling Plaintiff causing the Colsen fire pit to tip over leak out the ignited alcohol. Plaintiff suffered severe burns to over forty percent of her body. Plaintiff suffered severe burns requiring emergency medical treatment, surgical intervention, and ongoing medical care.

## IV. CAUSES OF ACTION

### A. Strict Products Liability – Gusar, LLC DBA Colsen Fire Pits

21. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

22. It was the duty of Defendant Gusar, LLC. to design, manufacture, test, market, advertise, label, distribute, and sell Colsen fire pits so they are reasonably safe for foreseeable use.

23. At the time the Colsen fire pit at issue left the control of Defendant Gusar, LLC. and was sold, it contained one or more conditions which rendered it defective and unreasonably dangerous in light of its nature and intended use.

24. At all times, the Colsen fire pit was used in the manner intended, recommended, or reasonably foreseeable by Defendant Gusar, LLC. There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the Colsen fire pit.

25. The Colsen fire pit Defendant Gusar, LLC. manufactured and/or supplied was defective in design, manufacture, and/or warning in that when it left the hands of Defendant Gusar, LLC., the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

26. The Colsen fire pit Defendant Gusar, LLC. designed, manufactured, marketed, sold, and supplied, and Plaintiff purchased and used was defective in its design, manufacture, and labeling in that Defendant Gusar, LLC. knew or should have known of its dangers and risks of overheating, flame jetting, and ignited fuel spilling over but failed to adequately warn or instruct users like Plaintiff of the nature and extent of those risks.

27. The Colsen fire pit Defendant Gusar, LLC. designed, manufactured and/or supplied was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner. Specifically, the Colsen fire pit had poorly designed components that created an unreasonable risk of harm that was unknown and could not have been known by users like Plaintiff.

28. Safer alternative designs of the Colsen fire pit are available and are currently marketed by other sellers.

29. The Colsen fire pit Defendant Gusar, LLC. designed, manufactured and/or distributed was also defective in that Defendant Gusar, LLC. failed to adequately test this product before placing it into the stream of commerce.

30. As a direct and proximate result of the defective conditions of the Colsen fire pit as manufactured by Defendant Gusar, LLC., Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**B.  Negligence – Gusar, LLC DBA Colsen Fire Pits**

31. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

32. Defendant Gusar, LLC. had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling and/or distribution of the Colsen fire pit it placed into the

stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

33. Defendant Gusar, LLC. breached its duty of care to Plaintiff through its negligent acts and omissions. Defendant Gusar, LLC. did not exercise reasonable care in the warning, design, manufacture, sale, testing, labeling and/or distribution into the stream of commerce of the Colsen fire pit in that Defendant Gusar, LLC. knew or should have known that the Colsen fire pit could cause serious injuries.

34. Defendant Gusar, LLC. were negligent in the design, manufacture, sale, testing, and/or distribution of the Colsen fire pit in that it: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing the fire pit so as to avoid or warn against the described risks to consumers who used the fire pit; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of the fire pit despite having actual and/or constructive knowledge of such dangers.

35. Defendant Gusar, LLC. knew or should have known that Plaintiff and other users could foreseeably suffer injuries as a result of Defendant Gusar, LLC.'s failure to exercise ordinary care as described above.

36. As a direct and proximate result of Defendant Gusar, LLC.'s negligence, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**C.   Breach of Express Warranty – Gusar, LLC DBA Colsen Fire Pits**

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

38. Defendant Gusar, LLC. was a merchant and seller with respect to the Colsen fire pit.

39. In order to induce the purchase and/or use of the Colsen fire pit, Defendant Gusar, LLC. expressly warranted to potential users of the Colsen fire pit that it was safely designed, tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used. Express warranties were contained in information on the product pages on Amazon's website, Defendant Gusar, LLC.'s website, and elsewhere.

40. Defendant Gusar, LLC. breached said warranty in that the Colsen fire pit was not safe to be used for the purposes for which it was manufactured and/or advertised.

41. Plaintiff was injured as a result of detrimental reliance upon Defendant Gusar, LLC.'s express warranties.

42. As a direct and proximate result of one or more of the foregoing breaches of express warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**D.  Negligence – Amazon.com, Inc.**

43. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

44. At all pertinent times, Amazon had voluntarily undertaken to thoroughly vet the safety and reliability of: 1) all sellers who were listing products on Amazon's website, and; 2) all products being sold on Amazon's website. Amazon had also voluntarily undertaken to thoroughly investigate all reports of dangerous products on its website, and to protect individuals who used products purchased through Amazon by notifying them of unsafe products. These services were undertaken by Amazon for the benefit of all individuals who used products purchased through Amazon's website, including Plaintiff.

45. Defendant Gusar, LLC. was a seller on Amazon's website, and Amazon had voluntarily undertaken to fully vet the safety and reliability of Defendant Gusar, LLC. before

they listed any of their products on Amazon's website. Similarly, the Colsen fire pit was a product being sold on Amazon's website, and Amazon had voluntarily undertaken to fully vet the safety and reliability of the Colsen fire pit before it was listed on Amazon's website. Amazon had also voluntarily undertaken to investigate the dangerous latent condition of the Colsen fire pit once it was reported by a user, and Amazon was aware of the dangerous condition that subsequently caused Plaintiff's injuries well before the Colsen fire pit was purchased. Finally, Amazon had voluntarily undertaken to protect Plaintiff from the Colsen fire pit by recalling, removing, or barring the Colsen fire pit from Amazon's website, or by warning or otherwise notifying Plaintiff about the unreasonably dangerous nature of the Colsen fire pit.

46.     Based on its voluntary undertaking, Amazon owed Plaintiff a duty to exercise reasonable care in the performance of the above-described safety-related services, and also owed Plaintiff a duty to use the same degree of care that a reasonably careful person would use to avoid harm to others under similar circumstances.

47.     Although Amazon knew or should have known the above-described safety-related services were necessary for Plaintiff's protection, it failed to exercise reasonable care in performing those services, thereby violating the above duties. Specifically, Amazon:

    (a)    failed to properly vet the Defendant Gusar, LLC.;

    (b)    failed to properly vet the Colsen fire pit;

    (c)    exposed and introduced Plaintiff to a dangerous product by allowing the Colsen fire pit to be listed on Amazon's website;

    (d)    ignored the red flags raised by user reviews indicating the Colsen fire pit was dangerous and failed to properly investigate the dangerous latent condition of the Colsen fire pit;

    (e)    failed to warn Plaintiff about the unreasonably dangerous latent condition of the Colsen fire pit of which Amazon was aware.

48. Plaintiff relied upon Amazon to perform the above-described safety-related services because Amazon marketed itself as a safe and reliable marketplace. Plaintiff purchased the Colsen fire pit because she believed it would be safe and reliable since it was sold on Amazon's website. Amazon guaranteed and promoted the Colsen fire pit as being safe and created a false sense of security for Plaintiff. Plaintiff trusted Amazon had verified the reliability of the Defendant Gusar, LLC. and the safety of the Colsen fire pit when she purchased and used the Colsen fire pit.

49. Additionally, Amazon's failure to properly vet the safety and reliability of the Defendant Gusar, LLC. and the Colsen fire pit and failure to properly investigate and warn about the dangerous latent condition of the Colsen fire pit even after being made aware of it significantly increased Plaintiff's risk of harm because Plaintiff would never have come across Defendant Gusar, LLC. and the Colsen fire pit and purchased it but for its being listed and promoted as a safe product on Amazon's website. Similarly, Plaintiff would not have used the Colsen fire pit on the day she was injured if she had been alerted to the danger of the Colsen fire pit by Amazon.

50. As a direct and proximate result, Plaintiff was damaged as set forth above.

## V. DAMAGES

51. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

52. The facts set out above demonstrate that, as a direct and proximate result of Defendants Gusar, LLC. and Amazon's conduct, Plaintiff has suffered severe economic and non-economic losses and injuries for which she is entitled to recover damages in excess of $75,000.00, including without limitation the following:

(a) bodily injury, disfigurement, conscious pain, suffering, mental anguish, mental suffering, embarrassment, shame, and loss of enjoyment of life;

(b) the reasonable and necessary expenses for the medical treatment rendered to Plaintiff in the past and that will be medically probable in the future;

(c) compensation for Plaintiff's permanent mental and physical impairment suffered in the past and in the future;

(d) all other actual damages available under applicable law;

(e) costs of this suit; and

(f) such further relief as this Court deems necessary, just and proper.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants Gusar, LLC DBA Colsen Fire Pits and Amazon.com, Inc. be cited to appear and answer herein. That upon final trial, Plaintiff have judgment against Defendants Gusar, LLC DBA Colsen Fire Pits and Amazon.com, Inc., in excess of this Court's jurisdictional requisite for actual damages, costs of court, and any other relief that will fairly and adequately compensate for the losses herein alleged.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Cesar Tavares*
Cesar Tavares
Attorney-In-Charge
State Bar No. 24093726
SDTX Bar No. 2572168
Alma J. Reyes
State Bar No. 24064392
SDTX Bar No. 1054792
Michael Samaniego
State Bar No. 24115715
SDTX Bar No. 3782332

8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Telephone
(713) 643-6226- Facsimile
[tavareslitteam@whlaw.com](mailto:tavareslitteam@whlaw.com) - E-Service Email

**ATTORNEYS FOR PLAINTIFF**